```
            UNITED STATES DISTRICT COURT
            EASTERN DISTRICT OF KENTUCKY
            SOUTHERN DIVISION at PIKEVILLE
```

| | | |
|---|---|---|
| GARY D. WARICK, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 7:21-80-JMH |
| | ) | |
| v. | ) | |
| | ) | |
| PRESTONSBURG CITY | ) | **MEMORANDUM OPINION** |
| POLICE, et al., | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Gary D. Warick is a resident of Hager Hill, Kentucky. Proceeding without a lawyer, Warick recently filed a civil rights complaint with this Court. (DE 1). Warick also filed a motion for leave to proceed *in forma pauperis*. (DE 3).

As an initial matter, the Court will grant Warick's fee motion. That is because the information contained in Warick's submission indicates that he lacks sufficient assets to pay the filing and administrative fees in this action.

Turning now to Warick's complaint, the Court must conduct a preliminary review of that submission. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See id.*

Warick alleges that he "was illegally searched and seized on June 5, 2014," and, as a result, was charged with crimes in state

court, which "resulted in 3 years of unlawful imprisonment." (DE 1 at 4). Warick then states that the Supreme Court of Kentucky ultimately "threw out [his] Alford plea on 4th Amendment grounds," and the trial court subsequently dismissed the charges against him. (*Id.*). Warick attaches to his complaint some of the decisions from the Kentucky state courts (*see* DEs 1-1 and 1-2), and asserts both due process and unlawful search and seizure claims (*see* DE 1 at 3).

That said, the Court will dismiss Warick's present complaint because he is not currently proceeding against viable defendants. For starters, Warick lists the "Prestonsburg City Police" and "Paintsville City Police" as the first two defendants (DE 1 at 2), but the United States Court of Appeals for the Sixth Circuit has repeatedly made clear that these kinds of entities may not be sued under 42 U.S.C. § 1983 for money damages for alleged constitutional violations. *See, e.g., Mayers v. Williams*, No. 16-5409, 2017 WL 4857567, at *3 (6th Cir. Apr. 21, 2017) (recognizing that "neither the police department nor the task force may be sued"); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (stating that "the Police Department is not an entity which may be sued"); *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (same). And even if the Court construes Warick's claims as being against the cities of Prestonsburg and Paintsville, his claims still fail to survive initial screening because he has not clearly alleged that the facts

2

about which he complains are the product of a municipal policy or custom, as required to state a claim for relief against the cities. *See Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005) (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978)). Thus, to the extent that Warick is seeking relief against the "Prestonsburg City Police" and "Paintsville City Police," his claims are unavailing.

Warick then lists the "Ky. State Police" as the third defendant (DE 1 at 3), but his claims against that entity fail for similar reasons. Plus, the Eleventh Amendment bars suits for money damages against that state agency. *See Jones v. Kentucky State Police*, No. 1:19-cv-P26-GNS, 2019 WL 2565635, at *2 (W.D. Ky. 2019) (collecting cases). Therefore, Warick's claims against the Kentucky State Police are also unavailing.

Finally, Warick generically lists as a defendant "the individuals and entities that willfully tried to prosecute me in violation of fact and law." (DE 1 at 3). Warick, however, does not identify these "individuals and entities" with any specificity. (*See id.*). Instead, Warick suggests that he wants to proceed against some of the "individuals and entities . . . that are named in" the Supreme Court of Kentucky's opinion that is attached to his complaint. (DE 1 at 3). But, that opinion is lengthy and discusses the alleged conduct of numerous named people, including but not limited to a police officer, an assistant police chief, a

3

lieutenant, a sergeant, and an employee in the state Attorney General's office, among others. (*See* DE 1-2). Ultimately, the Court cannot determine, on its own, which of these individuals Warick wants to sue, if any. It is Warick's responsibility to clearly name the defendants against whom he is asserting claims and seeking relief.[1] Warick has not yet done so, and, thus, he is not proceeding against a viable defendant.

In light of the foregoing, the Court will dismiss Warick's present complaint because he is not proceeding against viable defendants. The Court notes, however, that this Order does not prevent Warick from filing a new civil rights complaint in which he asserts factual allegations and legal claims against specific individuals allegedly involved in the matter at hand. But still, if Warick *does* choose to file a new action, he must again use a Court-approved form, list the precise defendants against whom he has claims and is seeking relief, and clearly explain what each named defendant did or failed to do to cause him harm.

Accordingly, it is **ORDERED** that:

---

[1] While the Clerk's Office listed "John Doe(s)" as a defendant on the front of the docket sheet in this action, it does not actually appear that Warick uses the phrase "John Doe" in his complaint or that he is trying to proceed against individuals whose identities he does not know. Instead, Warick is trying to generically sue, as a catchall, "individuals and entities that willfully tried to prosecute [him]" without identifying those individuals and entities in any clear way. This cannot be done.

4

1. Warick's motion for leave to proceed *in forma pauperis* (DE 3) is **GRANTED,** and payment of the filing and administrative fees is **WAIVED.**

2. Warick's present complaint (DE 1) is **DISMISSED** and **STRICKEN** from the Court's docket.

3. The Court will enter a corresponding Judgment.

This the 26th day of October, 2021.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge